**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50046 |
| Plaintiff-Appellee, | D.C. No.<br>2:13-cr-00822-ODW-21 |
| v. | |
| CLARENCE TAYLOR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted May 6, 2020[**]
Pasadena, California

Before: M. SMITH, OWENS, and BRESS, Circuit Judges.

Clarence Taylor appeals from the district court's judgment revoking his

supervised release and sentencing him to a term of 24 months' imprisonment and

24 months' supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291,

and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Taylor contends that the admission of hearsay evidence during his revocation hearing violated his due process right to confront adverse witnesses. We disagree.

"[A] releasee's rights to confrontation at a revocation hearing" "do not rise to the level of similar rights at a criminal trial." *United States v. Walker*, 117 F.3d at 417, 420 (9th Cir. 1997) (quotations omitted). However, "every releasee is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witnesses." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). "[I]n determining whether the admission of hearsay evidence violates the releasee's rights to confrontation in a particular case, the court must weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it." *Id.* "The weight to be given the right of confrontation in a particular case depends on two primary factors: the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by the hearsay evidence." *Id.* at 1171. In evaluating the government's good cause, we consider the "difficulty and expense of procuring witnesses" and the "traditional indicia of reliability" borne by the evidence. *United States v. Martin*, 984 F.2d 308, 312 (9th Cir. 1993).

We conclude Taylor's interest in confrontation does not outweigh the

government's good cause for denying it. Considering the non-hearsay evidence presented at the revocation hearing—MJ's statements to the 911 operator identifying Taylor as the assailant and the officer's observations and photographs of her injuries—Taylor's interest in confronting MJ as a witness was not strong, and the non-hearsay evidence alone was sufficient to sustain the allegations against Taylor. *United States v. Hall*, 419 F.3d 980, 986–87 (9th Cir. 2005).

To the extent Taylor contends MJ's statements to 911 operators are hearsay, he waived that argument by failing to object to the admission of the recordings at the revocation hearing, and by challenging only MJ's mother's statements to 911 operators, not those from MJ herself, as inadmissible hearsay on appeal. In any event, the district court did not abuse its discretion by admitting those statements into evidence. They are properly characterized as excited utterances, and thus non-hearsay under Rule 803(2) of the Federal Rules of Evidence.

The government also demonstrated good cause for denying confrontation. The government made efforts to procure MJ's testimony by subpoenaing her. When it learned MJ may not comply with the subpoena, the government proffered testimony from Taylor's probation officer that MJ feared retaliation if she were to testify against Taylor. *Cf. Comito*, 177 F.3d at 1172 (finding no good cause where government did not subpoena the witness and offered no evidence of the witness's fear of the defendant). Taylor did not seek to

3

cross-examine the probation officer on those points, and other evidence corroborated MJ's fear, including the restraining order MJ sought against Taylor, and the district court's no-contact order between them. *See Hall*, 419 F.3d at 988 n.6 (recognizing the "difficulty of securing the testimony of domestic violence victims . . . against their batterers").

As to the reliability of MJ's statements to police officers, the hearsay evidence here bore indicia of reliability. *Martin*, 984 F.2d at 312. MJ's statements, as relayed by the officers, were corroborated by the 911 recordings, her injuries, and her consistent descriptions of Taylor. Taylor made no showing that MJ may have been lying or that her testimony may have differed from the account the officers gave. *See Comito*, 177 F.3d at 1168, 1171 (concluding witness statements were "the least reliable type of hearsay" where witness said she fabricated the allegations and "her reluctance to testify was due to fear of perjury charges"). Balancing Taylor's weaker interest in confrontation against the government's good cause for denying it, Taylor's due process rights were not violated.

Even if Taylor was denied his right of confrontation, he has failed to show prejudice. Taylor argues the admission of testimonial hearsay was not harmless because without it, there was no evidence that Taylor assaulted MJ. But as discussed above, the non-hearsay evidence was sufficient to sustain the allegation

4

of the assault violation.

**AFFIRMED.**